**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WISCONSIN**

_____

In re:

       **Michael S. Eisenga,**

                     **Debtor.**

_____

**Case No. 20-10423-cjf**
**Chapter 11 Proceedings**
**Judge Catherine J. Furray**

**Michael S. Eisenga,**

               **Plaintiff,**

    **v.**

**U.S. Small Business Administration,**
**and Jovita Corranza as Administrator of the**
**U.S. Small Business Administration**

               **Defendant.**

**Adv. No.**

_____

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

_____

       The above-captioned debtor and debtor-in-possession (the "Debtor"), through its undersigned

counsel, brings this Complaint against: the U.S. Small Business Administration, and Jovita

Corranza, as Administrator of the U.S. Small Business Administration (together, the "SBA"), and

states as follows:

**Introduction**

       1.      The Debtor is the sole member and president of Advantage Management Beaver

Dam, LLC and Advantage Management Waupun, LLC, both entities are Wisconsin limited liability

companies (collectively, the "LLCs").

       2.      The LLCs manage assisted living facilities in their respective communities: Beaver

Dam, WI and Waupun, WI. The Beaver Dam facility has 27 units with 26 residents, and 26

1

employees. Waupun has 47 units, 35 residents and 41 employees. The residents of both facilities are elderly residents with various health conditions placing them in the population that is at high risk from the COVID-19 pandemic.

3.      Since the COVID-19 pandemic, the LLCs have taken on additional expenses to care for the residents. All residents have been quarantined in their rooms preventing them from partaking in open meals or normal activities. The precautions have increased the costs for providing these services. Residents have also felt the effect of isolation, being unable to intermingle with friends and family during quarantine, which in turn has caused additional mental and, at times, physical health needs.

4.      In addition, before the outbreak, the Beaver Dam facility was at full occupancy and both LLCs had a waiting list; however, the LLCs have been unable to conduct tours to potential residents and the wait lists have been depleted. This has caused an added strain to the finances of the LLCs to make payroll and other expenses.

5.      The combined effect has been a significant negative impact on the LLCs ability to meet expenses and keep employees.

6.      The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") was signed into federal law on March 27, 2020, in order to prevent precisely this outcome.  In a press release that same day, Ms. Corranza stated:

> Our small businesses are the economic engines of their communities, and the SBA is ready to provide them with the support they need to remain open and keep their workers employed.  With our whole-of-government approach led by the President, we are providing small businesses with the resources they need to get them through this unprecedented time.[1]

---

[1] CARES Act Statement from SBA Administrator Jovita Carranza, March 27, 2020.

7.      The CARES Act established the "Paycheck Protection Program" (the "PPP"), which

provides forgivable loans of up to $10 million to small businesses left financially distressed by the

COVID-19 pandemic, to be used for up to eight weeks of payroll and certain operating expenses.  A

press release from the SBA regarding the PPP stated in part:

> "These loans will bring immediate economic relief and eight weeks of financial
> certainty to millions of small businesses and their employees," SBA Administrator
> Carranza said. "We urge every struggling small business to take advantage of this
> unprecedented federal resource – their viability is critically important to their
> employees, their community, and the country."[2]

8.      Consistent with the mandate of the CARES Act, the PPP was the lifeline that the

Debtor needed to maintain its business and their employees' livelihoods throughout the pandemic.

However, contrary to both the Bankruptcy Code and its own governing laws and rules, the SBA has,

without notice or justification, adopted a position that bankruptcy debtors are automatically

ineligible to participate in the PPP.

9.      The SBA's discrimination based solely on an applicant's status as a debtor is legally

unsupported and runs completely counter to the stated purposes of the CARES Act and the PPP.

Accordingly, the Debtor brings this Complaint seeking a declaratory judgment for immediate

injunctive relief and related relief to compel the SBA to allow it to participate in the PPP.

**Parties**

7.      The Debtor is a Wisconsin resident and chapter 11 debtor in the bankruptcy

proceedings. Mr. Eisenga is the sole member of the LLCs. The Debtor's case is jointly administered

with CCC Lot 2, LLC (Case No. 20-10422)

8.      The SBA is an agency of the United States of America whose central office is located

at 409 Third Street, S.Q. Washington DC 20416.

---

[2] SBA's Paycheck Protection Program for Small Businesses Affected by the Coronavirus Pandemic Launches, April 3,
2020.

9.       Ms. Corranza is the Administrator of the SBA, and may be sued in this capacity.

## Jurisdiction and Venue

10.      The Court has jurisdiction over complaint pursuant to 28 U.S.C. § 1334(b) as it arises under the Bankruptcy Code and arises in a case under the Bankruptcy Code.

11.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (D), and (O).

12.      In the event that any part of this action is determined to not be a core matter, the Plaintiff consents to the Court's entry of a final judgment pursuant to 11 U.S.C § 157(c). The Court has Constitutional authority to enter final judgment on all issues raised in the complaint.

13.      Venue for this proceeding is proper in this district pursuant to 28 U.S.C. §§1391 and 1409.

14.      The statutory basis for relief sought is 11 U.S.C. §§ 105(a), 106(a), and 525(a), 28 U.S.C. § 2412, and Rule 7065 of the Federal Rules of Bankruptcy procedure. Jurisdiction is also proper under the judicial review provisions of the Administrative Procedure Act (the "APA") 5 U.S.C. § 702.  Declaratory and injunctive relief is sought consistent with 5 U.S.C. § 706 and as authorized by 28 U.S.C. § 2201 and 2202.

## Background

### A.  Debtor's Chapter 11 Case

15.      On February 13, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Eastern District of Wisconsin. An order for relief was entered the same day. On February 13, 2020, the case was transferred to the Western District of Wisconsin because the Debtor's home address is located in the Western District.

16.      The Debtor remains in possession of his property and continues in the operation and management of his businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

17.      The Debtor owns several entities that operate commercial properties including the LLCs. The LLCs operate assisted living facilities caring for their elderly residents.

18.      Since the onset of the COVID-19 pandemic, the LLCs were unable to provide tours to potential residents due to state government mandated closures and stay-at-home directives. Although the stay-at-home directive has been struck down the LLCs business is still suffering from the negative impact of COVID-19, as the residents still require additional care and potential residents are unable and reluctant to tour the facility. As a result, the LLCs revenue has decreased while its expenses, including payroll, have remained. The PPP is exactly the sort of intervention that the Debtor needs to sustain its operations and preserve jobs for employees during the pandemic.

**B.  The CARES Act and the PPP**

17.      On March 27, 2020, Congress passed the CARES Act, S. 3548, 116 Cong. (2020). Among other things, the CARES Act is intended to protect businesses – particularly small businesses – and their employees in the hardest hit segments of the economy for the duration of the pandemic.

18.      The CARES Act included stimulus funds designed to assist businesses and ensure that American workers continue to be paid despite the economic impact of COVID-19 and social distancing measures.

19.      Section 1102 of the CARES Act establishes the Paycheck Protection Program ("PPP") as a convertible loan program under § 7(a) of the Small Business Act, codified in 15 U.S.C § 636. While nominally called a "loan," PPP disbursements are treated as grants—and there are no repayment obligations—if, among other things, 75% of PPP funds are used for payroll and wage expenses.

20.      No collateral or personal guarantees are required to receive a PPP loan.

21.     A party can obtain funds under PPP by applying with any federally insured participating lender using an application form created by SBA, and SBA guaranties the loan.

22.     The CARES Act provides that in evaluating a borrower for a PPP loan a "lender shall consider whether the borrower (aa) was in operation on February 15, 2020; and (bb) had employees for whom the borrower paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-Misc." The CARES Act does not provide for any other considerations.

23.     The CARES Act requires Borrowers to submit a good faith certification (i) that the uncertainty of current economic conditions necessitates the PPP loan to support ongoing operations of the recipient; (ii) acknowledge the funds will be used for an approved purpose; (iii) the recipient does not have another loan pending under the program for the same purpose; and (iv) the recipient has not already received amounts from the program. The CARES Act does not require any further certification from Borrowers.

24.     On or about April 2, 2020, SBA released forms of applications for PPP. Other than filling out the official form of application, there is no underwriting, and the Administrator is relying upon assistance of commercial lenders acting in concert with SBA to administer PPP.

25.     A copy of the Official SBA Form 2483, titled "Paycheck Protection Program Borrower Application Form," which it the SBA's official form of application for a PPP loan is attached to this Complaint as Exhibit A.

26.     Even though § 1102 of the CARES Act does not prohibit extending funds under PPP to a chapter 11 debtor, the PPP application form asks whether "the Applicant . . . [is] presently involved in any bankruptcy" and then goes on to state that answering "yes" to that question means a request for PPP funds will not be approved.

27.     On May 12, 2020, the Debtor submitted completed PPP applications for the LLCs.

6

28.     Copies of the LLCs' completed applications are attached to this Complaint as Exhibit B.

29.     On May 12, 2020 the Debtor received a notice from Farmers & Merchants Union Bank that the applications were denied. The stated basis for the denial is that question 1 was marked yes.  As a result, the LLCs were deemed ineligible. A copy of the rejection notice is attached to this Complaint as Exhibit C.

30.     PPP funds are available on a first come, first served basis. The LLC's application were because the Debtor is presently involved in a bankruptcy.

31.     Congress initially authorized up to $350 billion in total for the PPP.  However, due to overwhelming demand, the full $350 billion in funding was depleted in less than two weeks, and new loans ceased.

32.     Congress has since allocated additional funds, and PPP loans are once again being granted on a "first come first served" basis.  However, based on how quickly the prior funding disappeared, and from numerous news reports and statements by industry personnel, new applicants will need to act very quickly to receive PPP loans.

33.     PPP loans are only available until June 30, 2020.

**C.  Disqualification of the LLCs from Participating in the PPP**

34.     To receive a PPP loan, a qualified business must apply with any federally insured participating lender, using an application form created by the SBA.

35.     Question No. 1 of the Paycheck Protection Program Borrower Application Form asks, "Is the Applicant or any owner of the Applicant . . . presently involved in any bankruptcy? (underline added)"

7

36.     Despite the fact that no law or regulation exists disqualifying bankruptcy debtors from the PPP, the official form inexplicably states that if the applicant answers "yes" to question No. 1, "the loan will not be approved."

37.     In addition, the SBA has released Official SBA Form 2484, titled "Lender Application Form – Paycheck Protection Program Loan Guaranty," which is the SBA's official form that lenders must submit to the SBA in connection with a PPP loan requests.

38.     A copy of the Lender application is attached to this Complaint as Exhibit D.

39.     The Lender application asks the lender whether "[t]he Applicant has certified to the Lender that neither the Applicant nor any owner (as defined in the Applicant's SBA Form 2483) is… presently involved in any bankruptcy."

40.     The Lender application states that if the lender answers "no" to this question, "the loan cannot be approved."

41.     The LLCs otherwise meets the criteria for eligibility to participate in the PPP.

42.     On April 24, 2020, the SBA issued an interim final rule, adopted April 28, 2020 (the "April 28 Rule"), prohibiting bankruptcy debtors from participating in PPP. A copy of the April 28 Rule is attached as Exhibit E.

43.     The LLCs are precisely the sort of business the PPP was enacted to protect – it is a small business (as defined by the SBA) in an industry dealing with the population that is most impacted by the pandemic and desperately trying to obtain funding to meet payroll for its employees. A PPP loan would allow the LLCs to endure the pandemic and avoid layoffs.

44.     However, due to what appears to be a completely discriminatory requirement imposed by the SBA, the LLCs are ineligible to participate based solely on the Debtor's status under title 11 of the United States Code.

8

45.     Accordingly, the Debtor brings this Complaint seeking a declaratory judgment, injunctive relief, and related relief to compel the SBA to allow the Debtor's LLCs to participate in the PPP to the same extent as a similarly situated entities without an owner "presently involved in any bankruptcy."

## COUNT I
### (Preliminary and Permanent Injunction)

46.     The Debtor incorporates the allegations of each of the prior paragraphs as if set forth fully herein.

47.     The Debtor is entitled to seek relief against the Administrator and all those acting in concert with her under Rule 65 of the Federal Rules of Civil Procedure, which is applicable to this action pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

48.     There is no prohibition in the CARES Act or under § 7(a) of the Small Business Act prohibiting lending to bankruptcy debtors.

49.     Moreover, the CARES Act specifically waives all underwriting considerations under § 7(a) of the Small Business Act.

50.     The Debtor is likely to prevail on the merits of its claim for an injunction as well as for declaratory relief.

51.     The balance of hardships favors issuance of preliminary injunctive relief. The inability to obtain PPP funds could cause the LLCs to suffer immediate and irreparable harm by forcing the Debtor to liquidate his estate. Preliminary and permanent injunctive relief while this matter is pending will not harm the Defendant.

52.     The Debtor seeks an order enjoining SBA or any commercial lender provided notice of the Court's order, see Fed. R. Civ. P. 65(d)(2)(C), from denying an application under PPP on the basis that the applicant is owned by a debtor in bankruptcy and requiring that an application of the

LLCs to participate in PPP be considered without the words "or presently involved in any bankruptcy" being considered.

53.     Due to the "first come, first served" nature of PPP appropriations, the Debtor further seeks an order enjoining SBA from issuing loan guaranties or approving PPP applications in an amount that would leave insufficient funds for the LLCs' funding pursuant to the applications (or any subsequent application filed shortly hereafter) until the Debtor's claims in this Complaint are resolved.

## COUNT II
### (Declaratory Relief)

54.     The Debtor incorporates each of the prior paragraphs as if set forth fully herein.

55.     The Debtor is entitled to seek declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure.

56.     Neither the CARES Act nor the Small Business Act prohibit disbursements under PPP to the LLCs based on the Debtor's status as a debtor under chapter 11 of the Bankruptcy Code.

57.     The LLCs a legal right to apply for funds under PPP and to have its Application (or any amended application) considered on the same terms as other applicants without regard to its status as a debtor under chapter 11 of the Bankruptcy Code.

58.     By prohibiting Farmers & Merchants Union Bank from processing the Applications, and by prohibiting disbursements to the LLCs under PPP, the Administrator has exceeded her statutory authority.

59.     The Debtor is entitled to a declaratory judgment that the CARES Act requires the LLCs' Applications to be considered on the same terms as other qualified businesses that do not have owners that are presently debtors in cases arising under the Bankruptcy Code.

## COUNT III
### (11 U.S.C. § 525(a))

60.     The Debtor incorporates each of the prior paragraphs as if set forth fully herein.

61.     Section 525(a) of the Bankruptcy Code prohibits the federal government from discriminating against a person based on that person's status as a debtor with respect to a "license, permit, charter, franchise, or other similar grant[.]"

62.     The Debtor is a debtor in a case under chapter 11 of the Bankruptcy Code.

63.     PPP constitutes a federal program within the meaning of § 525(a) of the Bankruptcy Code in that the program is designed to provide forgivable loans to qualified businesses that are akin to grants. The SBA provides a guaranty to the lenders that issue funds under PPP.

64.     The LLCs are small businesses within the meaning of the CARES Act and eligible to participate in funding of forgivable loans, which are functionally grants, under PPP.

65.     The LLCs have, in fact, sized their PPP funding requests to be forgivable and, to the extent any funds would not qualify for forgiveness, intend to immediately repay (and there is no prepayment penalty under PPP).

66.     The refusal to permit the LLCs from participating in the PPP program solely based on the Debtor's status as a debtor, as evidence by the rejection notice, attached hereto Exhibit C, demonstrate that SBA has violated § 525(a) of the Bankruptcy Code with respect to the Debtor.

67.     SBA has violated § 525(a) of the Bankruptcy Code for the reasons stated in this Complaint.

## COUNT IV
### (Exceeding Authority)

68.     The Debtor incorporates each of the prior paragraphs as set forth fully herein.

69.     Whether the applicant has an owner "presently involved in any bankruptcy" is not a consideration for approval of a PPP Loan, § 7(a) of the Small Business Act.

11

70.     SBA exceeded its authority to administer the PPP loan program by requiring
applicants like the LLCs, qualifying businesses under the PPP, not have an owner "presently
involved in any bankruptcy," even though no such prohibition exists in the PPP, § 7(a) of the Small
Business Act.

71.     The Debtor therefore seeks injunctive relief and a declaration and order that SBA must
remove all references to the Debtor's status as being involved in any bankruptcy from consideration
of the LLCs' PPP loan applications and any PPP loan agreements.

72.     The Debtor also seeks injunctive relief and a declaration and order that SBA must
instruct any lending institutions administering PPP loans for the LLCs that there is no exclusion from
the PPP loan program on account of the Debtor's involvement in bankruptcy.

73.     SBA can sue and be sued in a court of competent jurisdiction, including for
declaratory relief and damages. *Little v. U.S.,* 489 F. Supp., 1012, 10616 (C.D. Ill. 1980); 28 U.S.C. §
2201, 2202; *Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975). Courts have expressly found that the
SBA Administrator can be enjoined when he or she acts beyond the scope of his [or her] authority.
*Camelot Banquet Rooms, Inc. v. United States Small Business Association et al.*, E.D. Wis., May 1,
2020, -- F. Supp.3d -- 2020 WL 2088637; *Ulstein Mar., Ltd. v. United States*, 833 F.2d 1052, 1057
(1st Cir.1987) ("The no injunction language protects the agency from interference with its internal
workings . . . but . . . should not be interpreted as a bar to judicial review of agency actions that
exceed agency authority where the remedies would not interfere with internal agency operations.").

**Relief Requested**

With respect to **Count I**, the Debtor seeks the following relief:

(A)     A preliminary injunction enjoining SBA or any commercial lender from denying  an
application under PPP on the sole basis that the applicant is a debtor in bankruptcy  or because of
the words "or presently in bankruptcy" on the Administrator's PPP application. The Debtor requests

12

that this relief be granted under such time as a final judgment is entered on its claims in Count II, Count III, and Count IV;

(B)        A preliminary injunction enjoining SBA from issuing loan guaranties or approving PPP applications in an amount that would leave insufficient funds for the LLLs' funding pursuant to the Applications (or any amended applications) until entry of final judgment on the Debtor's Claims in Count II, Count III, and Count IV; and

(C)        Permanent injunctive relief with respect to the relief in the two immediately preceding sub-paragraphs.

   With respect to **Count II**, the Debtor seeks the following relief:

   (A)   That the Court enter a declaratory judgment that the CARES Act does not prohibit the Applications from being considered on the same terms as other qualified business that do not have owners that are debtors in cases arising under the Bankruptcy Code and which are also seeking PPP funding.

With respect to **Count III**, the Debtor seeks the following relief:

   (A)        A determination that SBA has violated § 525(a) of the Bankruptcy Code with respect to the LLCs' Applications; and

   (B)        A determination that SBA has violated § 525(a) of the Bankruptcy Code by issuing its interim final rule on April 28, 2020, and promulgating a PPP application form excluding businesses that are owned by debtors.

With respect to **Count IV**, the Debtor seeks the following relief:

   (A)        Entry of judgment directing the Administrator to process any application of the LLCs under PPP without discriminating against the Debtor based on his status as a debtor in bankruptcy.

(B)    Damages in an amount not less than $277,994 in the event that the Court does not

grant the relief request in Count I on a temporary or preliminary basis and it is later determined that

the LLCs were eligible for PPP funds but not remain available.

With respect to Count I, Count II, Count III, and Count IV, the Debtor requests that it be awarded

attorneys' fees and costs pursuant to 28 U.S.C. 2412(b).

Dated: June 1, 2020

/s/ Jerome R. Kerkman
Jerome R. Kerkman
Evan P. Schmit

P.O. Address:

839 N. Jefferson St., Suite 400
Milwaukee, WI 53202
Phone #: 414-277-8200
Fax #: 414-277-0100
Email: jkerkman@kerkmandunn.com

Kerkman & Dunn
Attorneys for the Debtor/Plaintiff

### Declaration

I declare under penalty of perjury that I have reviewed the facts alleged in the forgoing
adversary complaint and they are true and correct to the best of my information, knowledge, and
belief.

Dated: June 1, 2020

/s/ Michael S. Eisenga
Michael S. Eisenga

**Paycheck Protection Program**
**Borrower Application Form**

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: | ☐ Sole proprietor  ☐ Partnership  ☐ C-Corp  ☐ S-Corp  ☐ LLC<br>☐ Independent contractor  ☐ Eligible self-employed individual<br>☐ 501(c)(3) nonprofit  ☐ 501(c)(19) veterans organization<br>☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act)  ☐ Other | DBA or Tradename if Applicable |
|---|---|---|

| Business Legal Name | | |
|---|---|---|
| | | |

| Business Address | Business TIN (EIN, SSN) | Business Phone |
|---|---|---|
| | | (    )    - |
| | Primary Contact | Email Address |
| | | |

| Average Monthly Payroll: | $ | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ | Number of Employees: | |
|---|---|---|---|---|---|
| Purpose of the loan<br>(select more than one): | ☐Payroll  ☐Lease / Mortgage Interest  ☐Utilities  ☐Other (explain):_____ | | | | |

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| | | | | |
| | | | | |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☐ | ☐ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☐ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☐ | ☐ |
| 4. Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☐ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?<br>Initial here to confirm your response to question 5 →  _____ | ☐ | ☐ |
| 6. Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?<br>Initial here to confirm your response to question 6 →  _____ | ☐ | ☐ |
| 7. Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☐ | ☐ |
| 8. Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☐ |

EXHIBIT A

I

SBA Form 2483 (04/20)

**Paycheck Protection Program**
**Borrower Application Form**

### By Signing Below, You Make the Following Representations, Authorizations, and Certifications

<u>CERTIFICATIONS AND AUTHORIZATIONS</u>

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals:  I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

<u>CERTIFICATIONS</u>

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

_____   The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

_____   Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

_____   The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

_____   The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

_____   I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

_____   During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

_____   I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than  $1,000,000.

_____   I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.


_____        _____
Signature of Authorized Representative of Applicant                           Date


_____        _____
Print Name                                                                                  Title

EXHIBIT A
2

**Paycheck Protection Program**
**Borrower Application Form**

**Purpose of this form:**

This form is to be completed by the authorized representative of the Applicant and *submitted to your SBA Participating Lender*. Submission of the requested information is required to make a determination regarding eligibility for financial assistance. Failure to submit the information would affect that determination.

**Instructions for completing this form:**

With respect to "purpose of the loan," payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor, wage, commissions, income, or net earnings from self-employment or similar compensation.

For purposes of calculating "Average Monthly Payroll," most Applicants will use the average monthly payroll for 2019, excluding costs over $100,000 on an annualized basis for each employee.  For seasonal businesses, the Applicant may elect to instead use average monthly payroll for the time period between February 15, 2019 and June 30, 2019, excluding costs over $100,000 on an annualized basis for each employee. For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee.

If Applicant is refinancing an Economic Injury Disaster Loan (EIDL): Add the outstanding amount of an EIDL made between January 31, 2020 and April 3, 2020, less the amount of any "advance" under an EIDL COVID-19 loan, to Loan Request as indicated on the form.

All parties listed below are considered owners of the Applicant as defined in 13 CFR § 120.10, as well as "principals":

- For a sole proprietorship, the sole proprietor;

- For a partnership, all general partners, and all limited partners owning 20% or more of the equity of the firm;

- For a corporation, all owners of 20% or more of the corporation;

- For limited liability companies, all members owning 20% or more of the company; and

- Any Trustor (if the Applicant is owned by a trust).

**Paperwork Reduction Act** – You are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated time for completing this application, including gathering data needed, is 8 minutes.  Comments about this time or the information requested should be sent to : Small  Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416., and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Washington DC 20503.

**Privacy Act (5 U.S.C. 552a)** – Under the provisions of the Privacy Act, you are not required to provide your social security number. Failure to provide your social security number may not affect any right, benefit or privilege to which you are entitled. (But see Debt Collection Notice regarding taxpayer identification number below.) Disclosures of name and other personal identifiers are required to provide SBA with sufficient information to make a character determination.  When evaluating character, SBA considers the person's integrity, candor, and disposition toward criminal actions. Additionally, SBA is specifically authorized to verify your criminal history, or lack thereof, pursuant to section 7(a)(1)(B), 15 USC Section 636(a)(1)(B) of the Small Business Act (the Act).

**Disclosure of Information** – Requests for information about another party may be denied unless SBA has the written permission of the individual to release the information to the requestor or unless the information is subject to disclosure under the Freedom of Information Act. The Privacy Act authorizes SBA to make certain "routine uses" of information protected by that Act. One such routine use is the disclosure of information maintained in SBA's system of records when this information indicates a violation or potential violation of law, whether civil, criminal, or administrative in nature. Specifically, SBA may refer the information to the appropriate agency, whether Federal, State, local or foreign, charged with responsibility for, or otherwise involved in investigation, prosecution, enforcement or prevention of such violations. Another routine use is disclosure to other Federal agencies conducting background checks but only to the extent the information is relevant to the requesting agencies' function. See, 74 F.R. 14890 (2009), and as amended from time to time for additional background and other routine uses. In addition, the CARES Act, requires SBA to register every loan made under the Paycheck Protection Act using the Taxpayer Identification Number (TIN) assigned to the borrower.

**Debt Collection Act of 1982, Deficit Reduction Act of 1984 (31 U.S.C. 3701 et seq. and other titles)** – SBA must obtain your taxpayer identification number when you apply for a loan. If you receive a loan, and do not make payments as they come due, SBA may: (1) report the status of your  loan(s) to credit bureaus, (2) hire a collection agency to collect your loan, (3) offset your income tax refund or other amounts due to you from the Federal Government, (4) suspend or debar you or your company from doing business with the Federal Government, (5) refer your loan to the Department of Justice, or (6) foreclose on collateral or take other action permitted in the loan instruments.

**Right to Financial Privacy Act of 1978 (12 U.S.C. 3401)** – The Right to Financial Privacy Act of 1978, grants  SBA access rights to financial records held by financial institutions that are or have been doing business with you or your business including any financial

**EXHIBIT A**

3



**Paycheck Protection Program**
**Borrower Application Form**

institutions participating in a loan or loan guaranty. SBA is only required provide a certificate of its compliance with the Act to a financial institution in connection with its first request for access to your financial records. SBA's access rights continue for the term of any approved loan guaranty agreement. SBA is also authorized to transfer to another Government authority any financial records concerning an approved loan or loan guarantee, as necessary to process, service or foreclose on a loan guaranty or collect on a defaulted loan guaranty.

**Freedom of Information Act (5 U.S.C. 552)** – Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity. Proprietary data on a borrower would not routinely be made available to third parties. All requests under this Act are to be addressed to the nearest SBA office and be identified as a Freedom of Information request.

**Occupational Safety and Health Act (15 U.S.C. 651 et seq.)** – The Occupational Safety and Health Administration (OSHA) can require businesses to modify facilities and procedures to protect employees. Businesses that do not comply may be fined, forced to cease operations, or prevented from starting operations. Signing this form is certification that the applicant, to the best of its knowledge, is in compliance with the applicable OSHA requirements, and will remain in compliance during the life of the loan.

**Civil Rights (13 C.F.R. 112, 113, 117)** – All businesses receiving SBA financial assistance must agree not to discriminate in any business practice, including employment practices and services to the public on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations. All borrowers must display the "Equal Employment Opportunity Poster" prescribed by SBA.

**Equal Credit Opportunity Act (15 U.S.C. 1691)** – Creditors are prohibited from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

**Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700)** – By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

EXHIBIT A

**Paycheck Protection Program**
**Borrower Application Form**

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: | ☐ Sole proprietor  ☐ Partnership  ☐ C-Corp  ☐ S-Corp  ☐ LLC  ☐ Independent contractor  ☐ Eligible self-employed individual  ☐ 501(c)(3) nonprofit  ☐ 501(c)(19) veterans organization  ☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act)  ☐ Other | DBA or Tradename if Applicable |
|---|---|---|

| Business Legal Name |
|---|
| *Advantage Management Beaver Dam LLC* |

| Business Address | Business TIN (EIN, SSN) | Business Phone |
|---|---|---|
| *N4365 State Rd 73* | *81-2461096* | *(920) 210-7790* |
| | Primary Contact | Email Address |
| *Columbus, WI 53925* | *Michael Eisenga* | *meisenga@alshomeloans.com* |

| Average Monthly Payroll: | $ *46,268.69* | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ *115,671.72* | Number of Employees: *27* |
|---|---|---|---|---|

| Purpose of the loan (select more than one): | ☒ Payroll  ☒ Lease / Mortgage Interest  ☒ Utilities  ☐ Other (explain): _____ |
|---|---|

**Applicant Ownership**

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | TIN (EIN, SSN) | Address |
|---|---|---|---|---|
| *Michael S Eisenga* | *Owner* | *100%* | REDACTED | *146 W Mill St* *Columbus, WI 53925* |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 1. Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☒ | ☐ |
| 2. Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☒ |
| 3. Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☒ | ☐ |
| 4. Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☒ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| Question | Yes | No |
|---|---|---|
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?  Initial here to confirm your response to question 5 → *MSE* | ☐ | ☒ |
| 6. Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?  Initial here to confirm your response to question 6 → *MSE* | ☐ | ☒ |
| 7. Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☒ | ☐ |
| 8. Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☒ |

SBA Form 2483 (04/20)

1

EXHIBIT B

**Paycheck Protection Program**
**Borrower Application Form**

### By Signing Below, You Make the Following Representations, Authorizations, and Certifications

**CERTIFICATIONS AND AUTHORIZATIONS**

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals:  I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

**CERTIFICATIONS**

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than  $1,000,000.

I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____
Signature of Authorized Representative of Applicant

5-12-20
Date

_____
Print Name    Michael S. Esonga

President
Title

SBA Form 2483 (04/20)

2

EXHIBIT B

## Paycheck Protection Program
### Borrower Application Form

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

| Check One: ☐ Sole proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC<br>☐ Independent contractor ☐ Eligible self-employed individual<br>☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization<br>☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other | DBA or Tradename if Applicable |
|---|---|

**Business Legal Name**

Advantage Management Waupun LLC

| **Business Address** | | |
|---|---|---|
| N4365 State Rd 73 | **Business TIN (EIN, SSN)** | **Business Phone** |
| | 81-2461096 | (920) 210-7790 |
| Columbus, WI 53925 | **Primary Contact** | **Email Address** |
| | Michael Eisenga | meisenga@akshomeloans. com |

| Average Monthly Payroll: | $ 64,928.65 | x 2.5 + EIDL, Net of Advance (if Applicable) Equals Loan Request: | $ 162,321.62 | Number of Employees: 26 |
|---|---|---|---|---|

Purpose of the loan
(select more than one):    ☒ Payroll ☒ Lease / Mortgage Interest ☒ Utilities ☐ Other (explain): _____

### Applicant Ownership

List all owners of 20% or more of the equity of the Applicant. Attach a separate sheet if necessary.

| Owner Name | Title | Ownership % | REDACTED | Address |
|---|---|---|---|---|
| Michael S Eisenga | Owner | 100% | | 146 W Mill St |
| | | | | Columbus, WI 53925 |

*If questions (1) or (2) below are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 1. | Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy? | ☒ | ☐ |
| 2. | Has the Applicant, any owner of the Applicant, or any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government? | ☐ | ☒ |
| 3. | Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A. | ☒ | ☐ |
| 4. | Has the Applicant received an SBA Economic Injury Disaster Loan between January 31, 2020 and April 3, 2020? If yes, provide details on a separate sheet identified as addendum B. | ☐ | ☒ |

*If questions (5) or (6) are answered "Yes," the loan will not be approved.*

| | Question | Yes | No |
|---|---|---|---|
| 5. | Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole?<br><br>Initial here to confirm your response to question 5 → | ☐ | ☒ |
| 6. | Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment)?<br><br>Initial here to confirm your response to question 6 → | ☐ | ☒ |
| 7. | Is the United States the principal place of residence for all employees of the Applicant included in the Applicant's payroll calculation above? | ☒ | ☐ |
| 8. | Is the Applicant a franchise that is listed in the SBA's Franchise Directory? | ☐ | ☒ |

SBA Form 2483 (04/20)

EXHIBIT B



**Paycheck Protection Program**
**Borrower Application Form**

## By Signing Below, You Make the Following Representations, Authorizations, and Certifications

### CERTIFICATIONS AND AUTHORIZATIONS

I certify that:

- I have read the statements included in this form, including the Statements Required by Law and Executive Orders, and I understand them.
- The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).
- The Applicant (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.
- I will comply, whenever applicable, with the civil rights and other limitations in this form.
- All SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule.
- To the extent feasible, I will purchase only American-made equipment and products.
- The Applicant is not engaged in any activity that is illegal under federal, state or local law.
- Any loan received by the Applicant under Section 7(b)(2) of the Small Business Act between January 31, 2020 and April 3, 2020 was for a purpose other than paying payroll costs and other allowable uses loans under the Paycheck Protection Program Rule.

For Applicants who are individuals:  I authorize the SBA to request criminal record information about me from criminal justice agencies for the purpose of determining my eligibility for programs authorized by the Small Business Act, as amended.

### CERTIFICATIONS

The authorized representative of the Applicant must certify in good faith to all of the below by **initialing** next to each one:

The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC.

Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

The Applicant will provide to the Lender documentation verifying the number of full-time equivalent employees on the Applicant's payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities for the eight-week period following this loan.

I understand that loan forgiveness will be provided for the sum of documented payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities, and not more than 25% of the forgiven amount may be for non-payroll costs.

During the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program.

I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than  $1,000,000.

I acknowledge that the lender will confirm the eligible loan amount using required documents submitted. I understand, acknowledge and agree that the Lender can share any tax information that I have provided with SBA's authorized representatives, including authorized representatives of the SBA Office of Inspector General, for the purpose of compliance with SBA Loan Program Requirements and all SBA reviews.

_____
Signature of Authorized Representative of Applicant

Date _5/12/20_

_Michael S. Eisenga_
Print Name

Title _President_

2

EXHIBIT B

eFIPCO

| (ECOA) 402C U (4/13) | 11002 |

© 2013 Wisconsin Bankers Association/Distributed by FIPCO®

Advantage Management Beaver Dam LLC
N4365 State Road 73
Columbus, WI 53925

Dated __May 12, 2020_____

**Section 1. Information regarding your right to request reasons for a credit denial, termination or other action taken concerning credit.** *This section must be completed in all transactions.*

Regarding either (a) your credit request dated __May 12, 2020_____, or (b) your
n/a _____ credit account with us, we wish to inform you that we

☒ have denied your request
☐ will make no further extensions of credit on the account
☒ Paycheck Protection Program question 1 is checked yes stating that either Business or any owner is presently suspended, debarred, proposed for debarment, delcared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in bankruptcy.  Application states "the loan will not be approved by SBA."

You have the right to a written statement of the specific reasons for our action. To obtain the statement, please contact the following person or office within sixty (60) days from the date you are notified of our decision. We will send you a written statement of reasons for our action within thirty (30) days of receiving your request for the statement.

Farmers & Merchants Union Bank
(NAME)

159 W James St, PO Box 226, Columbus, WI 53925
(ADDRESS)

920-623-4000
(TELEPHONE)

**Section 2. Disclosure of use of information obtained from an outside source.** *This section should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.*

A. ☐ Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. The reporting agency played no part in our decision and is unable to supply specific reasons why we have taken the action described above. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this Notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. You can find out about the information in your file by contacting:

Name: _____
Street Address: _____

[Toll-free] Telephone Number: _____

Name: _____
Street Address: _____

[Toll-free] Telephone Number: _____

Name: _____
Street Address: _____

[Toll-free] Telephone Number: _____

C. ☐ Our credit decision was based in whole or in part on information obtained from an affiliate of ours or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this Notice, for disclosure of the nature of this information.

**ECOA NOTICE**

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The Federal agency that administers compliance with this law concerning this creditor is _FDIC_____

FDIC Consumer Response Center
1100 Walnut St. Box #11
Kansas City, MO 64106

B. ☐ We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

Your credit score: _____    Date: _____
Source: _____
Scores range from a low of _____ to a high of _____ .

Key factors that adversely affected your credit score:

_____
_____
_____
_____
_____

If you have any questions regarding this Notice, you should contact:

Farmers & Merchants Union Bank_____

159 W James St, PO Box 226, Columbus, WI 53925_____
(CREDITOR NAME AND ADDRESS)

920-623-4000_____
(CREDITOR TELEPHONE NO.)

By _____
Randall Bobholz

E402C  Rev. 5/2013

EXHIBIT C

eFIPCO

| (ECOA) 402C U (4/13) | 11002 |

© 2013 Wisconsin Bankers Association/Distributed by FIPCO®

Advantage Management Waupun LLC
N4365 State Road 73
Columbus, WI 53925

Dated _May 12, 2020_

**Section 1. Information regarding your right to request reasons for a credit denial, termination or other action taken concerning credit.** *This section must be completed in all transactions.*

Regarding either (a) your credit request dated _May 12, 2020_ _____ , or (b) your
n/a _____ credit account with us, we wish to inform you that we

[X] have denied your request

[ ] will make no further extensions of credit on the account

[X] Paycheck Protection Program question 1 is checked yes stating that either Business or any owner is presently suspended, debarred, proposed for debarment, delcared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in bankruptcy.  Application states "the loan will not be approved by SBA."

You have the right to a written statement of the specific reasons for our action. To obtain the statement, please contact the following person or office within sixty (60) days from the date you are notified of our decision. We will send you a written statement of reasons for our action within thirty (30) days of receiving your request for the statement.

Farmers & Merchants Union Bank
(NAME)

159 W James St, PO Box 226, Columbus, WI 53925
(ADDRESS)

920-623-4000
(TELEPHONE)

**Section 2. Disclosure of use of information obtained from an outside source.** *This section should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.*

A. [ ] Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. The reporting agency played no part in our decision and is unable to supply reasons why we have taken the action described above. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this Notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. You can find out about the information contained in your file by contacting:

Name: _____
Street Address: _____

[Toll-free] Telephone Number: _____

Name: _____
Street Address: _____

[Toll-free] Telephone Number: _____

Name: _____
Street Address: _____

[Toll-free] Telephone Number: _____

C. [ ] Our credit decision was based in whole or in part on information obtained from an affiliate of ours or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this Notice, for disclosure of the nature of this information.

**ECOA NOTICE**

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

The Federal agency that administers compliance with this law concerning this creditor is _FDIC_

FDIC Consumer Response Center
1100 Walnut St. Box #11
Kansas City, MO 64106

B. [ ] We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

Your credit score: _____  Date: _____
Source: _____
Scores range from a low of _____ to a high of _____ .
Key factors that adversely affected your credit score:

_____
_____
_____
_____
_____

If you have any questions regarding this Notice, you should contact:

Farmers & Merchants Union Bank
159 W James St, PO Box 226, Columbus, WI 53925
(CREDITOR NAME AND ADDRESS)
920-623-4000
(CREDITOR TELEPHONE NO.)

By _____
Randall Bobholz

E402C  Rev. 5/2013

EXHIBIT C

OMB Control No.: 3245-0407
Expiration Date: 09/30/2020

## Lender Application Form - Paycheck Protection Program Loan Guaranty

The purpose of this form is to collect identifying information about the Lender, the Applicant, the loan guaranty request, sources and uses of funds, the proposed structure (which includes pricing and the loan term), and compliance with SBA Loan Program Requirements. This form reflects the data fields that will be collected electronically from lenders; no paper version of this form is required or permitted to be submitted. As used in this application, "Paycheck Protection Program Rule" refers to the rules in effect at the time you submit this application that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

<u>Instructions for Lenders</u>
All Paycheck Protection Program (PPP) loans are processed by all Lenders under delegated authority from SBA. This application must be submitted and signed electronically in accordance with program requirements, and the information requested is to be retained in the Lender's loan file.

### A. Lender Information

| | |
|---|---|
| Lender Name: | Lender Location ID: |
| Address: | City: | St: | Zip: |
| Lender Contact: | Ph: ( ) - | Cell or Ext: ( ) - |
| Contact Email: | Title: |

### B. Applicant Information

Check One: ☐ Sole Proprietor ☐ Partnership ☐ C-Corp ☐ S-Corp ☐ LLC ☐ Independent contractor
☐ Eligible self-employed individual ☐ 501(c)(3) nonprofit ☐ 501(c)(19) veterans organization
☐ Tribal business (sec. 31(b)(2)(C) of Small Business Act) ☐ Other

Applicant Legal Name: _____

DBA: _____        Business Tax ID: _____

Applicant Address: _____    City, State, Zip: _____

Applicant Primary Contact: _____    Phone: ( ) -

### C. Loan Structure Information

| Amount of Loan Request: | $ | | Guarantee %: | 100% | Loan Term in # of Months: | 24 | Payment: | Deferred 6 mos. |
|---|---|---|---|---|---|---|---|---|

Applicant must provide documentation to Lender supporting how the loan amount was calculated in accordance with the Paycheck Protection Program Rule and the CARES Act, and Lender must retain all such supporting documentation in Lender's file.

| Interest Rate: | 1% | |
|---|---|---|

### D. Loan Amount Information

| | |
|---|---|
| Average Monthly Payroll multiplied by 2.5 | $ |
| Refinance of Eligible Economic Injury Disaster Loan, net of Advance (if Applicable; see Paycheck Protection Program Rule) | $ |
| **Total** | $ |

### E. General Eligibility (*If the answer is no to either, the loan cannot be approved*)

- The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020 and had employees for whom the Applicant paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC, (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant, (3) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, and (4) the Applicant has not received another Paycheck Protection Program loan.    ☐ Yes    ☐ No

- The Applicant has certified to the Lender that it (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, meets the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.    ☐ Yes    ☐ No

### F. Applicant Certification of Eligibility (*If not true, the loan cannot be approved*)

- The Applicant has certified to the Lender that the Applicant is eligible under the Paycheck Protection Program Rule.    ☐ True

### G. Franchise/License/Jobber/Membership or Similar Agreement (*If applicable and no, the loan cannot be approved*)

- The Applicant has represented to the Lender that it is a franchise that is listed in the SBA's Franchise Directory.    ☐ Yes    ☐ No

EXHIBIT D

| **H. Character Determination** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has represented to the Lender that neither the Applicant (if an individual) nor any individual owning 20% or more of the equity of the Applicant is subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or is presently incarcerated, or on probation or parole. | ☐ Yes | ☐ No |
| • The Applicant has represented to the Lender that neither the Applicant (if an individual) nor any individual owning 20% or more of the equity of the Applicant has within the last 5 years, for any felony: 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgment). | ☐ Yes | ☐ No |

| **I. Prior Loss to Government/Delinquent Federal Debt** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has certified to the Lender that neither the Applicant nor any owner (as defined in the Applicant's SBA Form 2483) is presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy. | ☐ Yes | ☐ No |
| • The Applicant has certified to the Lender that neither the Applicant nor any of its owners, nor any business owned or controlled by any of them, ever obtained a direct or guaranteed loan from SBA or any other Federal agency that is currently delinquent or has defaulted in the last 7 years and caused a loss to the government. | ☐ Yes | ☐ No |

| **J. U.S. Employees** *(If no, the loan cannot be approved)* | | |
|---|---|---|
| • The Applicant has certified that the principal place of residence for all employees included in the Applicant's payroll calculation is the United States. | ☐ Yes | ☐ No |

| **K. Fees** *(If yes, Lender may not pass any agent fee through to the Applicant or offset or pay the fee with the proceeds of this loan)* | | |
|---|---|---|
| • Is the Lender using a third party to assist in the preparation of the loan application or application materials, or to perform other services in connection with this loan? | ☐ Yes | ☐ No |

### SBA Certification to Financial Institution under Right to Financial Privacy Act (12 U.S.C. 3401)

By signing SBA Form 2483, Borrower Information Form in connection with this application for an SBA-guaranteed loan, the Applicant certifies that it has read the Statements Required by Law and Executive Orders, which is attached to Form 2483. As such, SBA certifies that it has complied with the applicable provisions of the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401) and, pursuant to that Act, no further certification is required for subsequent access by SBA to financial records of the Applicant/Borrower during the term of the loan guaranty.

### Lender Certification

On behalf of the Lender, I certify that:

• The Lender has complied with the applicable lender obligations set forth in paragraphs 3.b(i)-(iii) of the Paycheck Protection Program Rule.
• The Lender has obtained and reviewed the required application (including documents demonstrating qualifying payroll amounts) of the Applicant and will retain copies of such documents in the Applicant's loan file.

I certify that:

• Neither the undersigned Authorized Lender Official, nor such individual's spouse or children, has a financial interest in the Applicant.

Authorized Lender Official: _____    Date: _____
                                    Signature

Type or Print Name: _____    Title: _____

NOTE: According to the Paperwork Reduction Act, you are not required to respond to this collection of information unless it displays a currently valid OMB Control Number. The estimated burden for completing this form, including time for reviewing instructions, gathering data needed, and completing and reviewing the form is 25 minutes per response. Comments or questions on the burden estimates should be sent to U.S. Small Business Administration, Director, Records Management Division, 409 3rd St., SW, Washington DC 20416, and/or SBA Desk Officer, Office of Management and Budget, New Executive Office Building, Rm. 10202, Washington DC 20503. **PLEASE DO NOT SEND FORMS TO THESE ADDRESSES.**

EXHIBIT D

## SMALL BUSINESS ADMINISTRATION

[Docket Number SBA–2020–0021]

### 13 CFR Parts 120 and 121

RIN 3245–AH37

### Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Promissory Notes, Authorizations, Affiliation, and Eligibility

**AGENCY:** U.S. Small Business Administration.

**ACTION:** Interim final rule.

**SUMMARY:** On April 2, 2020, the U.S. Small Business Administration (SBA) posted an interim final rule (the First PPP Interim Final Rule) announcing the implementation of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act or the Act). The Act temporarily adds a new program, titled the "Paycheck Protection Program," to the SBA's 7(a) Loan Program. The Act also provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the Paycheck Protection Program (PPP). The PPP is intended to provide economic relief to small businesses nationwide adversely impacted by the Coronavirus Disease 2019 (COVID–19). SBA posted additional interim final rules on April 3, 2020, and April 14, 2020. This interim final rule supplements the previously posted interim final rules with additional guidance. SBA requests public comment on this additional guidance.

**DATES:** *Effective date:* This rule is effective April 28, 2020.

*Applicability date:* This interim final rule applies to applications submitted under the Paycheck Protection Program through June 30, 2020, or until funds made available for this purpose are exhausted.

*Comment date:* Comments must be received on or before May 28, 2020.

**ADDRESSES:** You may submit comments, identified by number SBA–2020–0021 through the Federal eRulemaking Portal: *http://www.regulations.gov.* Follow the instructions for submitting comments. SBA will post all comments on *www.regulations.gov.* If you wish to submit confidential business information (CBI) as defined in the User Notice at *www.regulations.gov,* please send an email to *ppp-ifr@sba.gov.* Highlight the information that you consider to be CBI and explain why you believe SBA should hold this information as confidential. SBA will review the information and make the

final determination whether it will publish the information.

**FOR FURTHER INFORMATION CONTACT:** A Call Center Representative at 833–572–0502, or the local SBA Field Office; the list of offices can be found at *https://www.sba.gov/tools/local-assistance/districtoffices.*

**SUPPLEMENTARY INFORMATION:**

## I. Background Information

On March 13, 2020, President Trump declared the ongoing Coronavirus Disease 2019 (COVID–19) pandemic of sufficient severity and magnitude to warrant an emergency declaration for all States, territories, and the District of Columbia. With the COVID–19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, tribal, and local public health measures that are being taken to minimize the public's exposure to the virus. These measures, some of which are government-mandated, are being implemented nationwide and include the closures of restaurants, bars, and gyms. In addition, based on the advice of public health officials, other measures, such as keeping a safe distance from others or even stay-at-home orders, are being implemented, resulting in a dramatic decrease in economic activity as the public avoids malls, retail stores, and other businesses.

On March 27, 2020, the President signed the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act or the Act) (Pub. L. 116–136) to provide emergency assistance and health care response for individuals, families, and businesses affected by the coronavirus pandemic. The Small Business Administration (SBA) received funding and authority through the Act to modify existing loan programs and establish a new loan program to assist small businesses nationwide adversely impacted by the COVID–19 emergency. Section 1102 of the Act temporarily permits SBA to guarantee 100 percent of 7(a) loans under a new program titled the "Paycheck Protection Program." Section 1106 of the Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the Paycheck Protection Program.

## II. Comments and Immediate Effective Date

The intent of the Act is that SBA provide relief to America's small businesses expeditiously. This intent, along with the dramatic decrease in economic activity nationwide, provides good cause for SBA to dispense with the

30-day delayed effective date provided in the Administrative Procedure Act. Specifically, it is critical to meet lenders' and borrowers' need for clarity concerning program requirements as rapidly as possible because the last day eligible borrowers can apply for and receive a loan is June 30, 2020.

This interim final rule supplements previous regulations and guidance on several important, discrete issues. The immediate effective date of this interim final rule will benefit lenders so that they can swiftly close and disburse loans to small businesses. This interim final rule is effective without advance notice and public comment because section 1114 of the Act authorizes SBA to issue regulations to implement Title I of the Act without regard to notice requirements. This rule is being issued to allow for immediate implementation of this program. Although this interim final rule is effective immediately, comments are solicited from interested members of the public on all aspects of the interim final rule, including section III below. These comments must be submitted on or before May 28, 2020. SBA will consider these comments and the need for making any revisions as a result of these comments.

## III. Paycheck Protection Program Requirements for Promissory Notes, Authorizations, Affiliation, and Eligibility

*Overview*

The CARES Act was enacted to provide immediate assistance to individuals, families, and organizations affected by the COVID–19 emergency. Among the provisions contained in the CARES Act are provisions authorizing SBA to temporarily guarantee loans under the Paycheck Protection Program (PPP). Loans under the PPP will be 100 percent guaranteed by SBA, and the full principal amount of the loans and any accrued interest may qualify for loan forgiveness. Additional information about the PPP is available in the First PPP Interim Final Rule (85 FR 20811), a second interim final rule (85 FR 20817) (the Second PPP Interim Final Rule), and a third interim final rule (the Third PPP Interim Final Rule) (85 FR 21747) (collectively, the PPP Interim Final Rules).

1. Requirements for Promissory Notes and Authorizations

This guidance is substantively identical to previously posted FAQ guidance.

*a. Are lenders required to use a promissory note provided by SBA or may they use their own?*

Lenders may use their own promissory note or an SBA form of promissory note. *See* FAQ 19 (posted April 8, 2020).

*b. Are lenders required to use a separate SBA Authorization document to issue PPP loans?*

No. A lender does not need a separate SBA Authorization for SBA to guarantee a PPP loan. However, lenders must have executed SBA Form 2484 (the Lender Application Form—Paycheck Protection Program Loan Guaranty) [1] to issue PPP loans and receive a loan number for each originated PPP loan. Lenders may include in their promissory notes for PPP loans any terms and conditions, including relating to amortization and disclosure, that are not inconsistent with Sections 1102 and 1106 of the CARES Act, the PPP Interim Final Rules and guidance, and SBA Form 2484. *See* FAQ 21 (posted April 13, 2020). The decision not to require a separate SBA Authorization in order to ensure that critical PPP loans are disbursed as efficiently as practicable.

## 2. Clarification Regarding Eligible Businesses

*a. Is a hedge fund or private equity firm eligible for a PPP loan?*

No. Hedge funds and private equity firms are primarily engaged in investment or speculation, and such businesses are therefore ineligible to receive a PPP loan. The Administrator, in consultation with the Secretary, does not believe that Congress intended for these types of businesses, which are generally ineligible for section 7(a) loans under existing SBA regulations, to obtain PPP financing.

*b. Do the SBA affiliation rules prohibit a portfolio company of a private equity fund from being eligible for a PPP loan?*

Borrowers must apply the affiliation rules that appear in 13 CFR 121.301(f), as set forth in the Second PPP Interim Final Rule (85 FR 20817). The affiliation rules apply to private equity-owned businesses in the same manner as any other business subject to outside ownership or control.[2] However, in addition to applying any applicable affiliation rules, all borrowers should

carefully review the required certification on the Paycheck Protection Program Borrower Application Form (SBA Form 2483) stating that "[c]urrent economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

*c. Is a hospital owned by governmental entities eligible for a PPP loan?*

A hospital that is otherwise eligible to receive a PPP loan as a business concern or nonprofit organization (described in section 501(c)(3) of the Internal Revenue Code of 1986 and exempt from taxation under section 501(a) of such Code) shall not be rendered ineligible for a PPP loan due to ownership by a state or local government if the hospital receives less than 50% of its funding from state or local government sources, exclusive of Medicaid.

The Administrator, in consultation with the Secretary, determined that this exception to the general ineligibility of government-owned entities, 13 CFR 120.110(j), is appropriate to effectuate the purposes of the CARES Act.

*d. Part II.2.b. of the Third PPP Interim Final Rule (85 FR 21747, 21751) is revised to read as follows:*

*Are businesses that receive revenue from legal gaming eligible for a PPP Loan?*

A business that is otherwise eligible for a PPP Loan is not rendered ineligible due to its receipt of legal gaming revenues, and 13 CFR 120.110(g) is inapplicable to PPP loans. Businesses that received illegal gaming revenue remain categorically ineligible. On further consideration, the Administrator, in consultation with the Secretary, believes this approach is more consistent with the policy aim of making PPP loans available to a broad segment of U.S. businesses.

## 3. Business Participation in Employee Stock Ownership Plans

*Does participation in an employee stock ownership plan (ESOP) trigger application of the affiliation rules?*

No. For purposes of the PPP, a business's participation in an ESOP (as defined in 15 U.S.C. 632(q)(6)) does not result in an affiliation between the business and the ESOP. The Administrator, in consultation with the Secretary, determined that this is appropriate given the nature of such plans. Under an ESOP, a business concern contributes its stock (or money to buy its stock or to pay off a loan that was used to buy stock) to the plan for the benefit of the company's employees. The plan maintains an account for each employee participating in the plan. Shares of stock vest over time before an

employee is entitled to them. However, with an ESOP, an employee generally does not buy or hold the stock directly while still employed with the company. Instead, the employee generally receives the shares in his or her personal account only upon the cessation of employment with the company, including retirement, disability, death, or termination.

## 4. Eligibility of Businesses Presently Involved in Bankruptcy Proceedings

*Will I be approved for a PPP loan if my business is in bankruptcy?*

No. If the applicant or the owner of the applicant is the debtor in a bankruptcy proceeding, either at the time it submits the application or at any time before the loan is disbursed, the applicant is ineligible to receive a PPP loan. If the applicant or the owner of the applicant becomes the debtor in a bankruptcy proceeding after submitting a PPP application but before the loan is disbursed, it is the applicant's obligation to notify the lender and request cancellation of the application. Failure by the applicant to do so will be regarded as a use of PPP funds for unauthorized purposes.

The Administrator, in consultation with the Secretary, determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans. In addition, the Bankruptcy Code does not require any person to make a loan or a financial accommodation to a debtor in bankruptcy. The Borrower Application Form for PPP loans (SBA Form 2483), which reflects this restriction in the form of a borrower certification, is a loan program requirement. Lenders may rely on an applicant's representation concerning the applicant's or an owner of the applicant's involvement in a bankruptcy proceeding.

## 5. Limited Safe Harbor With Respect to Certification Concerning Need for PPP Loan Request

Consistent with section 1102 of the CARES Act, the Borrower Application Form requires PPP applicants to certify that "[c]urrent economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

Any borrower that applied for a PPP loan prior to the issuance of this regulation and repays the loan in full by May 7, 2020 will be deemed by SBA to have made the required certification in good faith.

The Administrator, in consultation with the Secretary, determined that this safe harbor is necessary and appropriate

---

[1] This requirement is satisfied by a lender when the lender completes the process of submitting a loan through the E-Tran system; no transmission or retention of a physical copy of Form 2484 is required.

[2] However, the Act waives the affiliation rules if the borrower receives financial assistance from an SBA-licensed Small Business Investment Company (SBIC) in any amount. This includes any type of financing listed in 13 CFR 107.50, such as loans, debt with equity features, equity, and guarantees. Affiliation is waived even if the borrower has investment from other non-SBIC investors.

to ensure that borrowers promptly repay PPP loan funds that the borrower obtained based on a misunderstanding or misapplication of the required certification standard.

6. Additional Information

SBA may provide further guidance, if needed, through SBA notices that will be posted on SBA's website at *www.sba.gov*. Questions on the Paycheck Protection Program may be directed to the Lender Relations Specialist in the local SBA Field Office. The local SBA Field Office may be found at *https://www.sba.gov/tools/local-assistance/districtoffices*.

**Compliance With Executive Orders 12866, 12988, 13132, 13563, and 13771, the Paperwork Reduction Act (44 U.S.C. Ch. 35), and the Regulatory Flexibility Act (5 U.S.C. 601–612)**

*Executive Orders 12866, 13563, and 13771*

This interim final rule is economically significant for the purposes of Executive Orders 12866 and 13563, and is considered a major rule under the Congressional Review Act. SBA, however, is proceeding under the emergency provision at Executive Order 12866 Section 6(a)(3)(D) based on the need to move expeditiously to mitigate the current economic conditions arising from the COVID–19 emergency. This rule's designation under Executive Order 13771 will be informed by public comment.

*Executive Order 12988*

SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has no preemptive or retroactive effect.

*Executive Order 13132*

SBA has determined that this rule will not have substantial direct effects on the States, on the relationship between the National Government and the States, or on the distribution of power and responsibilities among the various layers of government. Therefore, SBA has determined that this rule has no federalism implications warranting preparation of a federalism assessment.

*Paperwork Reduction Act, 44 U.S.C. Chapter 35*

SBA has determined that this rule will not impose new or modify existing recordkeeping or reporting requirements under the Paperwork Reduction Act.

*Regulatory Flexibility Act (RFA)*

The Regulatory Flexibility Act (RFA) generally requires that when an agency issues a proposed rule, or a final rule pursuant to section 553(b) of the APA or another law, the agency must prepare a regulatory flexibility analysis that meets the requirements of the RFA and publish such analysis in the **Federal Register**. 5 U.S.C. 603, 604. Specifically, the RFA normally requires agencies to describe the impact of a rulemaking on small entities by providing a regulatory impact analysis. Such analysis must address the consideration of regulatory options that would lessen the economic effect of the rule on small entities. The RFA defines a "small entity" as (1) a proprietary firm meeting the size standards of the Small Business Administration (SBA); (2) a nonprofit organization that is not dominant in its field; or (3) a small government jurisdiction with a population of less than 50,000. 5 U.S.C. 601(3)–(6). Except for such small government jurisdictions, neither State nor local governments are "small entities." Similarly, for purposes of the RFA, individual persons are not small entities. The requirement to conduct a regulatory impact analysis does not apply if the head of the agency "certifies that the rule will not, if promulgated, have a significant economic impact on a substantial number of small entities." 5 U.S.C. 605(b). The agency must, however, publish the certification in the **Federal Register** at the time of publication of the rule, "along with a statement providing the factual basis for such certification." If the agency head has not waived the requirements for a regulatory flexibility analysis in accordance with the RFA's waiver provision, and no other RFA exception applies, the agency must prepare the regulatory flexibility analysis and publish it in the **Federal Register** at the time of promulgation or, if the rule is promulgated in response to an emergency that makes timely compliance impracticable, within 180 days of publication of the final rule. 5 U.S.C. 604(a), 608(b). Rules that are exempt from notice and comment are also exempt from the RFA requirements, including conducting a regulatory flexibility analysis, when among other things the agency for good cause finds that notice and public procedure are impracticable, unnecessary, or contrary to the public interest. SBA Office of Advocacy guide: How to Comply with the Regulatory Flexibility Act, Ch.1. p.9.

Accordingly, SBA is not required to conduct a regulatory flexibility analysis.

**Jovita Carranza,**
*Administrator.*

[FR Doc. 2020–09098 Filed 4–27–20; 8:45 am]

**BILLING CODE P**

---

**DEPARTMENT OF TRANSPORTATION**

**Federal Aviation Administration**

**14 CFR Part 39**

[Docket No. FAA–2020–0095; Product Identifier 2019–NM–192–AD; Amendment 39–19904; AD 2020–08–12]

**RIN 2120–AA64**

**Airworthiness Directives; The Boeing Company Airplanes**

**AGENCY:** Federal Aviation Administration (FAA), DOT.

**ACTION:** Final rule.

**SUMMARY:** The FAA is adopting a new airworthiness directive (AD) for certain The Boeing Company Model 747–8 and 747–8F series airplanes. This AD was prompted by an evaluation by the design approval holder (DAH) indicating that the skin lap joints at certain stringers are subject to widespread fatigue damage (WFD). This AD requires modifying the left and right side lap joints of the fuselage skin, repetitive post-modification inspections for cracking, and applicable on-condition actions. The FAA is issuing this AD to address the unsafe condition on these products.

**DATES:** This AD is effective June 2, 2020.

The Director of the Federal Register approved the incorporation by reference of a certain publication listed in this AD as of June 2, 2020.

**ADDRESSES:** For service information identified in this final rule, contact Boeing Commercial Airplanes, Attention: Contractual & Data Services (C&DS), 2600 Westminster Blvd., MC 110–SK57, Seal Beach, CA 90740–5600; telephone 562–797–1717; internet *https://www.myboeingfleet.com*. You may view this service information at the FAA, Airworthiness Products Section, Operational Safety Branch, 2200 South 216th St., Des Moines, WA. For information on the availability of this material at the FAA, call 206–231–3195. It is also available on the internet at *https://www.regulations.gov* by searching for and locating Docket No. FAA–2020–0095.

**Examining the AD Docket**

You may examine the AD docket on the internet at *https://*